Opinion of the court, by
Judge Wood:
The counsel of the defendants appear to abandon the two first causes assigned, as they do not discuss them in the argument, and the other will, therefore, only be noticed by us. First, then, is the act of the general assembly, imposing this toll, unconstitutional ? Or, in other words, is it a tax on the coach itself, calculated, in its consequences, to impede or obstruct the conveyance of the United States mail? We hold the negative. The coach, the horses, the drivers, and the proprietors, are exempted in express terms. But it is said that contracts for the transportation of the mail were made in reference to the conveyance of passengers. Such may have been the case. The postmaster-general is not authorized, however, to make any contract exempting passengers,' either in coaches or on foot, from the payment of toll. His contracts can. extend only to the mail and the mode of its conveyance. The defendants have the right to the road secured to them by the acts of Congress and of the assembly, free from toll, for such carriages, horses, and attendants as may be necessary to enable them fully to comply with their contracts; but when they attempt to go beyond this, and resort to means to increase their profits not necessarily connected with their contracts, they, like others, are rightfully subjected to the inconvenience of paying the toll which the-convenience of a good road imposes. The proposition can not, we think, be maintained, that passengers are necessary for the conveyance of the mail; and if they are not, a tax on them is, in no light in which the subject can be viewed, a tax on the coach itself, nor calculated in its consequences to impede or obstruct the transportation of the mail.
2. Should the declaration aver that the gate keepers demanded the toll, or that the stage drivers refused to give an *aecount *135 of the passengers ? The act of March 1,1834, provides that there shall be charged and collected, and it shall be the duty of each gate keeper to demand and receive, for the passing such gate, four cents for every person occupying a seat in any mail stage; excepting drivers, agents, and proprietors. The opinion that a demand was necessary must have arisen from the language of this section, but it appears to us only to be directory to the keeper of the gate. It is his duty to make a demand; but suppose he does not, is not the toll collectible? We think it is. But if he make such demand, it does not follow that it must be averred in the declaration and proved on the trial, for the very next section of the act provides that the stage drivers shall report at each gate, to the keeper, the number of seats occupied, and shall pay at the aforesaid rate, and in default thereof, the keeper shall charge the proprietors at the rate aforesaid. Con'strue both, these sections together, and there is a complete legal liability bypassing the gates, without the number of passengers reported to the keeper and paid for by the driver, and a demand is unnecessary. The demurrer is sustained.